UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at PIKEVILLE**

| | | |
|---|---|---|
| ANDREW JOHNSTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 7: 19-83-JMH |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN, USP-Big Sandy, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Andrew Johnston is an inmate at the United States Penitentiary—Big Sandy in Inez, Kentucky. Proceeding without an attorney, Johnston recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] That submission is now before the Court on initial review pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Johnston's petition asserts that he is currently confined in USP-Big Sandy's Special Housing Unit ("SHU"), but for protection rather than disciplinary reasons. [R. 1 at 2-3.] Johnston claims that because he is in the SHU, he is only provided with one small pencil per week with no sharpener. [*Id.* at 4.] He further asserts, among other things, that he lacks adequate access to the law library or the ability to purchase a pen. [*Id.*] This presents a problem for Johnston, who is currently representing himself on direct criminal appeal before the United States Court of Appeals

1

for the Seventh Circuit. [*Id.* at 5.] Accordingly, Johnston seeks "a writ of habeas corpus that sets aside USP-Big Sandy's policy of disallowing protective custody . . . prisoners" access to a variety of materials, arguing that protective custody prisoners in the SHU should be treated differently than inmates confined in the SHU for disciplinary reasons. [*Id.* at 5-6.]

The Court will not address the merits of Johnston's claims, however, because they are not proper in this 28 U.S.C. § 2241 petition. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004). 28 U.S.C. § 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id.; see also Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Upon review, Johnston's claims are best characterized as concerns regarding the conditions of his confinement. He should thus proceed via a civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not in the present habeas petition.

In this circumstance, the Sixth Circuit Court of Appeals has made clear that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). To assist Johnston in this endeavor, the Court will provide Johnston with the appropriate forms. However, Johnston should understand that if he does file a civil rights complaint with this Court, he must also either pay the $400.00 in filing and administrative fees or ask to pay the filing fee in installments by carefully following the instructions below.

Accordingly, it is hereby **ORDERED** as follows:

1. Johnston's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice to Johnston's right to reassert his conditions of confinement claims in a civil rights complaint.

2. The Clerk of the Court **SHALL SEND** Johnston a civil rights complaint form [EDKY Form 520], an Affidavit of Assets/In Forma Pauperis Application [AO-240 Form], and a Certificate of Inmate Account Form [EDKY Form 523].

3. Johnston may file a civil rights complaint regarding his conditions of confinement claims. However he must use the Court-approved and provided civil rights complaint form [EDKY Form 520]. *See* Local Rule 5.2(a). Moreover, if Johnston does file a civil

rights complaint, he must also either pay the $400.00 in administrative and filing fees in full at the time he files his complaint, or ask to pay the filing fee in installments over time by completing the following steps:

    a. completing the Affidavit of Assets/In Forma Pauperis Application [AO-240 Form],

    b. have the Certificate of Inmate Account Form [EDKY Form 523] certified by prison staff, and

    c. filing both documents with the Court.

4. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 17th day of October, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge